UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUTHER LEON AUSTIN,

    Petitioner,

vs.                        Civil Case No. 2:09-cv-247-FtM-29DNF
                            Case No. 2:98-cr-127-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1)[1] filed on April 24, 2009. For the reasons stated herein, the Court finds that the record conclusively shows that prisoner is not entitled to relief and therefore notice to the government and a hearing are not required. See 28 U.S.C. § 2255(b).

**I.**

On November 12, 1998, the grand jury returned a one count Indictment (Doc. #3) charging defendant with the armed robbery of NationsBank. On September 21, 1999, defendant appeared before the magistrate judge and pled guilty to Count One of the Indictment pursuant to a Plea Agreement (Doc. #22). The plea was accepted by

---

[1]References to documents in the civil case will have the prefix "Cv. Doc." whereas references to documents in the criminal case will simply be referred to as "Doc.".

the district court and defendant was sentenced on January 21, 2000 to 198 months of imprisonment, 60 months supervised release, and restitution in the amount of $20,058.00.  See Judgment (Doc. #30).

On January 31, 2000, defendant filed a Notice of Appeal (Doc. #31).  On May 10, 2001, the Eleventh Circuit Court of Appeals issued a mandate affirming defendant's conviction and sentence based on counsel's Anders[2] brief and after due consideration of Apprendi[3].  On September 8, 2003, defendant filed a Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #49).  On November 16, 2004, the Court entered an Opinion and Order (Doc. #51) dismissing the Motion as untimely.  Defendant appealed and both the district and appellate court denied a certificate of appealability.

On January 30, 2006, the Eleventh Circuit Court of Appeals denied defendant's Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255 (Doc. #59).  Defendant has now filed another petition.

**II.**

Under 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered

---

[2]Anders v. California, 386 U.S. 738 (1967).

[3]Apprendi v. New Jersey, 530 U.S. 466 (2000).

-2-

evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In this case, a motion for a writ of habeas corpus is not available to defendant because permission from the Eleventh Circuit is required to file a second or successive § 2255 motion, and no such permission has been sought or granted in this case.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) is **DISMISSED** without prejudice as successive.

2.  The Clerk shall enter judgment accordingly and close the civil case.  The Clerk is further directed to file a copy of this Opinion and Order and the civil judgment in the criminal case file.

**DONE AND ORDERED** at Fort Myers, Florida, this   7th   day of May, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA